JAMS Arbitration

JAMS Ref. Nos.:
1425017846, -17847, -17851, -17853, 17855, -17856, -17857, -17859
(consolidated)

---

**Homebridge Financial Services, Inc.**

Claimant

v.

Stephanie Gaitens, Michael Gifford, Vickie Newman, Mark McClurg,
Amy Cavender, Rebecca Davidson, Stacy Rose, Beverly Creswell, and Envoy Mortgage

Respondents

---

## SCHEDULING ORDER NO. 6 ON CONSENT

---

### CASE PLAN AND SCHEDULE

1. Joinder of Envoy Mortgage:

    a. Envoy Mortgage has agreed to voluntarily submit to this arbitration.

    b. By **May 31, 2016**, Homebridge shall serve and file its Amended Arbitration Demand asserting its claims against Envoy.

    c. Envoy shall serve and file its answer and affirmative defenses to the Amended Arbitration Demand by **July 8, 2016.**

2. Deadline for Interrogatories, Requests for Production of Documents and/or Admissions:

    a. All Interrogatories and Requests for Production of Documents shall be served by **July 11, 2016**.

    b. Responses to Interrogatories and Requests for Production of Documents (including the production of responsive documents) shall be served by **August 26, 2016**.

    c. Requests for Admissions shall be served by **August 15, 2016**. Responses to Requests for Admissions shall be due by **September 16, 2016**. Upon request of

any Party, the Arbitrator may allow additional Requests for Admissions after this deadline.

    d.    By **July 15, 2016,** the parties shall stipulate to a directory (i.e. a list of the folder names and file names) of the "flash drive" and DVDs that Respondents' produced of Respondents' Dropbox files.

3. Claimant may take up to fifteen (15) depositions (the departing employees including Scott Newman plus current and former employees of Envoy Mortgage) plus additional depositions by agreement of counsel or upon application to the Arbitrator. Respondent may take up to five (5) depositions as a matter of right, plus additional depositions by agreement of counsel or upon application to the Arbitrator. All fact witness depositions shall be completed by **November 4, 2016.**

4. Fact Discovery Cut-off: **November 4, 2016.**

5. Expert Witness Disclosure:

    a.    Claimant may retain an expert in the business of mortgage loan origination and duties of mortgage loan originators; Claimant may also retain a damages expert.

    b.    Respondents may retain an expert in the business of mortgage loan origination and duties of mortgage loan originators.

6. Limitations which the Parties propose on the use or number of expert witnesses: **One expert witness per party.**

7. The Part y seeking affirmative relief shall designate its expert and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: **November 11, 2016.**

8. The Parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: **November 30, 2016.**

9. Depositions of experts to be completed by: **December 21, 2016.**

10. Identification of Persons to Be Deposed:

    a.    Claimant anticipates deposing each of the Respondents and the other departing employees and fact witnesses including corporate representative(s) from Envoy Mortgage, Ltd., any expert designated by the parties, and any other individual whose testimony may become relevant as discovery proceeds in this matter.

    b.    Respondents anticipate deposing Homebridge's corporate representative(s), including an individual responsible for Homebridge's e-mail server, any expert designated by the parties, and any other individual whose testimony may become relevant as discovery proceeds in this matter.

11. Subject to the Discovery Confidentiality Orders entered in this Arbitration and by the District Court in the Scott Newman Case (defined below), to avoid duplicative discovery and unfairly burdening deposition witnesses, deposition testimony, documents produced, and other discovery obtained in the case pending in the United States District Court, District of New Jersey, captioned <u>Homebridge Financial Services, Inc. v. Scott Newman</u>, Case No. 2:15-cv-3203 (KSH)(CLW) (the "Scott Newman Case"), may be used in this Arbitration as if it had been obtained in discovery in this Arbitration, provided that counsel in this Arbitration is given notice of any such deposition to be taken in the Scott Newman case and has the opportunity to examine the witness, and provided that counsel in this Arbitration is given copies of any such documents and other discovery produced in the Scott Newman case to the extent possible, prior to the close of discovery in this Arbitration, but in no event less than thirty (30) days prior to the first day of the Arbitration hearing. It shall be counsel for HomeBridge's obligation to notify counsel for Respondents of depositions in the Scott Newman Case and to notify counsel for Scott Newman of depositions in this Arbitration. Discovery obtained in this Arbitration proceeding may be used in the Scott Newman case; however, as above, the "Confidential" designation of such discovery remains in effect pursuant to the Discovery Confidentiality Order in this Arbitration and the Discovery Confidentiality Order in the Scott Newman Case.

## DATES FOR HEARING

12. The parties anticipate that 7 days of hearing are needed.

13. Arbitration hearings may take place in New Jersey, Colorado, Texas, and such other locations as may be warranted for the convenience of the witnesses, and as may be necessary to obtain jurisdiction over non-party witnesses. At least forty-five (45) days prior to the first hearing date, counsel shall confer and agree upon the hearing locations for specific hearing dates, including providing for travel time between locations if hearings will be held at more than one location, and provide that proposed schedule to the Arbitrator. If counsel are unable to agree upon a hearing schedule and locations, the issue shall be submitted to the Arbitrator no less than forty (40) days prior to the first hearing date.

14. A Status Conference will be held in this case on <u>**September 16, 2016 at 10:00 a.m.**</u>

15. Dispositive Motions

    a. Dispositive Motions will be filed by <u>**February 3, 2017**</u>.

    b. Responses to Dispositive Motions will be filed by <u>**February 24, 2017**</u>.

    c. Replies to Dispositive Motions will be filed by <u>**March 6, 2017**</u>.

    d. If any party seeks to file a dispositive motion, an application must be made by January 11, 2017, in a letter not longer than 5 single spaced pages, setting forth (1) the issues on which summary disposition is sought, (2) why the issues are subject to summary disposition, (3) why a decision on the motion would expedite

the arbitration and save expenses. A response to the letter application shall be submitted by January 18, 2017.

16. Pre-trial memoranda will be exchanged **seven (7) days before the Hearing commences.**

17. The Arbitration Hearing will take place **in April 2017 at dates to be mutually agreed upon by the Arbitrator and counsel for the parties** and continue until completion.

DATED at New York, New York, this ___7th___ day of July, 2016.

BY THE ARBITRATOR:

_____
Hon. Theodore Katz, U.S.D.J. (Ret.)

APPROVED:

_____
David E. Cassidy
Jeremy I. Silberman
Keya C. Denner
Norris, McLaughlin & Marcus, P.A.
721 Route 202-206
Suite 200
P.O. Box 5933
Bridgewater, New Jersey 08807
(908) 252-4399
(908) 722-0755 – facsimile
Attorney for Claimant

_____
Scott R. McLaughlin
Amanda A. Zimmerman

Jackson Walker L.L.P.
1401 McKinney St.
Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – facsimile

Attorney for Respondents

1546701-3

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: HomeBridge Financial Services, Inc. vs. Gaitens, Stephanie, et al.
Reference No. 1425017846

I, Anne Goodwin, not a party to the within action, hereby declare that on July 07, 2016, I served the attached Order No. 6 on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at New York, NEW YORK, addressed as follows:

David E. Cassidy Esq.
Jeremy I. Silberman Esq.
Norris McLaughlin & Marcus, P.A.
721 Route 202-206
Suite 200
Bridgewater, NJ  08807
Phone: 908-722-0700
decassidy@nmmlaw.com
jisilberman@nmmlaw.com
    Parties Represented:
    HomeBridge Financial Services, Inc.

Scott R. McLaughlin Esq.
Amanda A. Zimmerman Esq,
Jackson Walker, LLP
1401 McKinney St.
Suite 1900
Houston, TX  77010
Phone: 713-752-4200
smclaughlin@jw.com
azimmerman@jw.com
    Parties Represented:
    Amy Cavender
    Beverly Creswell
    Mark McClurg
    Michael Gifford
    Rebecca Davidson
    Stacy Rose
    Stephanie Gaitens
    Vickie Newman

I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on July 07, 2016.

*Anne Goodwin*
Anne Goodwin
agoodwin@jamsadr.com